UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALONZO SHAFFER,

       Plaintiff,                                      Hon. Paul L. Maloney

v.                                                 Case No. 1:22-cv-1221

CODY GILMAN, et al.,

       Defendants.

_____/

**REPORT AND RECOMMENDATION**

      Pro se Plaintiff Alonzo Shaffer has sued two law enforcement officials, Kalamazoo County Sheriff's Deputy Cody Gilman and Doe State Trooper, in connection with an arrest that occurred in December 2022. It is unclear whether Plaintiff intended to name the Michigan State Police (MSP), but he referred to "Defendant Paw Paw post" in his complaint. (ECF No. 1 at PageID.2.) On January 17, 2023, MSP received a copy of a summons and the complaint at its Paw Paw Post. The summons was issued to "Doe State Trooper."

      This matter is presently before me on MSP's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), (4), and (5). (ECF No. 15.) Plaintiff has failed to respond to the motion within the time permitted by Western District of Michigan Local Civil Rule 7.2(c).[1] Pursuant to 28 U.S.C. § 636(b)(1)(B), I recommend that the motion be **GRANTED,** and that MSP be

---

[1] Although Plaintiff is proceeding pro se, he is still expected to comply with the applicable court rules. *See Strohmeyer v. Chase Bank USA, N.A.*, No. 3:17-cv-443, 2018 WL 2669991, at *2 (E.D. Tenn. June 4, 2018) ("It is correct that pro se parties are expected to comply with the rules of procedure just as parties represented by counsel must do."); *Jones v. Graley,* No. 2:05-cv-773, 2006 WL 1697637, at *1 (S.D. Ohio June 20, 2006) (although federal courts have treated pro se litigants more leniently, they "are still expected to comply with the procedural rules of the court").

dismissed from this case. I further recommend that, to the extent Plaintiff asserts an official capacity claim against Doe State Trooper, such claim also be dismissed.

MSP seeks dismissal for insufficient process and insufficient service of process, as well as because Plaintiff's claims against it are barred by the Eleventh Amendment. Because the Eleventh Amendment would bar Plaintiff's claims even if he had properly served MSP, the Court need not address the service issues.

Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986).

The MSP is an agency of the State of Michigan, protected by sovereign immunity. *See Lavrack v. City of Oak Park*, No. 98-1142, 1999 WL 801562, at *2 (6th Cir. Sept. 28, 1999); *see also Scott v. Michigan*, 173 F. Supp. 2d 708, 714 (E.D. Mich. 2001) (finding the MSP is an arm of the State of Michigan entitled to Eleventh Amendment immunity); *Haddad v. Fromson*, 154 F. Supp. 2d 1085, 1091 (W.D. Mich. 2001) (explaining that the MSP is a department of the State of Michigan "created by statute," and is thus entitled to Eleventh Amendment immunity) (citing Mich. Comp. Laws § 16.250)), *overruled on other grounds*, *Lapides v. Bd. of Regents of the Univ. Sys. of Ga.*, 535 U.S. 613 (2002). Moreover, the Sixth Circuit has observed that the MSP is not a "person" subject to suit under Section 1983. *Lavrack*, 1999 WL 801562 at *2 (citing *Howlett v.*

2

*Rose*, 496 U.S. 356, 383 (1990)). Accordingly, Plaintiff's complaint against MSP is properly dismissed.

In addition, although Plaintiff has not identified Doe State Trooper, MSP argues that, to the extent Plaintiff alleges a claim against him in his official capacity, such claim is in fact against the State of Michigan and is also barred by the Eleventh Amendment. This is a correct statement of the law. A suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). An official capacity suit is thus no different than a suit against the state itself. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) ("A suit against an individual in his official capacity is the equivalent of a suit against the governmental entity."). Because the Eleventh Amendment prohibits suits for damages against states in federal court, *see Quern v. Jordan*, 440 U.S. 332, 342 (1979), damage claims against state officials in their official capacities are also barred by the Eleventh Amendment. *See Ernst v. Rising*, 427 F.3d 351, 358 (6th Cir. 2005) (noting that Eleventh Amendment immunity "applies to actions against state officials sued in their official capacity for money damages") (citing *Lapides v Bd. of Regents*, 535 U.S. 613, 616, 623 (2002)).

Accordingly, any official capacity claim should be dismissed as well.

For the foregoing reasons, I recommend that the Court grant MSP's motion to dismiss (ECF No. 15) and dismiss MSP (Defendant Paw Paw Post) and Plaintiff's official capacity claim against Doe State Trooper from this action.

Dated: March 7, 2023                                  /s/ Sally J. Berens
                                                                                         SALLY J. BERENS
                                                                                         U.S. Magistrate Judge

**NOTICE TO PARTIES**

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).